UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-20033-CR-GAYLES

MIAMI DIVISION

UNITED STATES OF AMERICA,
Plaintiffs,

vs.

JOVIS ST. LUC
Defendant,
_________________________________/

**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

**COMES NOW** the Defendant, JOVIS ST. LUC, by and through his undersigned counsel hereby files Objections to Presentence Investigation Report and would state:

1. The correct address for undersigned counsel is 2655 South Bayshore Drive, Suite 220, Coconut Grove, FL 33133.

2. As to Paragraph 3, Defendant objects to the loss amount of $170,000, based upon the below memorandum of law dealing with the issues of "actual vs intended loss", in these types of fraud cases.

3. As to Paragraph 5, Defendant objects to relevance as well as requesting a copy of his Bureau of Prisons' records from U. S. Probation about this incident.

4. As to Paragraph 5, and succeeding paragraphs, discussing the Defendant's gang membership and association with others, it is irrelevant to the crimes charged in the Indictment.

5. As to Paragraph 44, Defendant objects to being held accountable for at least 340 access devices and intended loses, and realleges his objection in Paragraph 2 in the Presentence Investigation Report.

6. As to Paragraph 46, Defendant realleges his objections as in Paragraph 2 and 44 in the Presentence Investigation Report above.

7. As to Paragraph 49, if there was no actual loss by any victim, said guidelines should be reduced.

8. As to Paragraph 52, same objection as to paragraph 49 in the Presentence Investigation Report

9. As to Paragraph 56, Defendant objects to the 10-level increase since no victim suffered an actual monetary loss.

10. As to Paragraph 57, same objection as in paragraphs 2, 5, 44, 46, 49, 52, and 56 in the Presentence Investigation Report.

11. As to Paragraphs 91, 92, and 93, Defendant should be eligible for the Bureau of Prisons' RDAP Program for alcohol & drug abuse.

12. As to Par 111, Defendant's guidelines require re-calculation pursuant to there being no actual loss suffered by the victims.

## MEMORANDUM OF LAW

In support of the Defendant's position as to the issue of "actual" loss amount versus "intended" loss amount, counsel cites the recent opinion in *U.S. v Banks*, 55 F. 4th 246 (3rd Cir. 2022) which found that the sentencing guidelines providing a graduated scale of increases based upon a monetary amount of loss only applies to the actual loss. There are also several 11th Circuit Court of Appeals decisions that support Defendant's position as well: *U.S. v Hall*, 704 F. 3d 1317 (2013), *U.S. v. Corbett*, 921 F. 3d 1032 (2019), *U.S. v. Bazantes*, 978 F.3d 1227, and *U.S. v. Munroe*, No. 21- 13717 a non-published opinion.

Also, in support of Defendant's position in this matter are *U.S. v. Kirilyuk*, 29 F. 4th 1128 (2022) 9th Circuit and *U.S. v. Riccardi*, 989 F. 3d 476 (2022).

The clear message found in the above appellate decisions relates to intended versus actual loss, and in all of the cases cited above/supra the appellate courts remanded said cases back to the trial court for resentencing.

## CONCLUSION

Counsel respectfully requests that this Honorable Court conduct a hearing to litigate the appropriate guidelines which relate to case facts and the actual loss issue to establish the appropriate sentencing guideline as to counts which Defendant entered a plea to.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed via U.S. District Court, CM/ECF to AUSA, Elena Smukler, Esq., Email: ElenaSmukler@USDOJ.gov, on this 7th day of November 2023.

Respectfully submitted,

BRUCE H. FLEISHER, P.A.
2665 South Bayshore Drive
Grand Bay Plaza – Suite 220
Coconut Grove, Florida 33133
Tel.: (305)859-7999
Fax: (305) 397-2461
Email: Bruce@brucefleisherlaw.com
Secondary: Christine@BruceFleisherLaw.com

By: /s/ Bruce H. Fleisher
Bruce H. Fleisher, Esq.
Florida Bar No.: 166952